**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**JOSHUA LEE SLATER,**

      **Petitioner,**

**v.**                                 **Case No. 2:14-cv-12075**

**DENNIS DINGUS, Warden,
Stevens Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 11, 2014, the petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2) and a Motion to Hold Petition in Abeyance (ECF No. 3). The Petition documents were served on the initial respondent and the Attorney General for the State of West Virginia with a Notice of Filing on or about March 24, 2014. The petitioner has paid the applicable $5.00 filing fee.

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On July 26, 2006, the petitioner was found guilty by a jury in the Circuit Court of Kanawha County of one count of kidnapping, one count of domestic battery, one count of wanton endangerment, and one count of daytime breaking and entering. (*State v. Slater*, Case No. 06-F-141). (ECF No. 2 at 1). On October 26, 2006, the petitioner was

sentenced to life in prison, with mercy, on the kidnapping count; five years in prison on the wanton endangerment count, not less than one, nor more than fifteen, years in prison the daytime breaking and entering count; and one year in jail on the domestic battery count, with each sentence to be served consecutively. (*Id.*) The petitioner's judgment was affirmed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on June 9, 2008. *State v. Slater*, Case No. 33659, 665 S.E.2d 674 (2008). (*Id.* at 2). The petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court. Accordingly, his judgment became final on or about September 8, 2008, when the time for filing a Petition for a Writ of Certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A).

According to the section 2254 petition, the petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on March 13, 3009 (Case No. 09-MISC-120), which was denied on February 22, 2012, following an omnibus hearing. (*Id.* at 3-4). The denial of the petitioner's circuit court habeas corpus petition was affirmed by the SCAWV in a Memorandum Decision issued on September 27, 2013. (ECF No. 2, Appx. A). According to the Memorandum Decision, in the habeas appeal, the petitioner challenged the constitutionality of the kidnapping statute, and the trial court's enhancement of his sentence thereunder. The petitioner also challenged his conviction based upon an alleged burden-shifting jury instruction. Both of these claims are raised in the petitioner's present section 2254 petition.

On March 11, 2014, the same date that the petitioner filed the instant section 2254 petition, the petitioner filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County (Case No. 14-P-130), which is presently pending in that court.

On March 11, 2014, the petitioner filed the instant section 2254 petition (ECF No. 2) and a Motion to Hold 2254 Petition in Abeyance (ECF No. 3).  The section 2254 petition raises the following grounds for relief:

1.  Petitioner challenges the constitutionality of West Virginia's kidnapping statute as applied to his case.

    Petitioner argues that certain elements of the kidnapping statute where not included as part of his indictment.  He also contends that the trial judge violated the principles of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] by making findings of fact which ultimately amounted to a greater sentence for petitioner, and that those facts should have been found by a jury beyond a reasonable doubt prior to sentencing.

2.  Petitioner argues that the court provided a burden shifting instruction which advised jurors that it would be reasonable to infer intent by his acts.

    During trial, the court gave an instruction which informed the jury that "it would be reasonable for the jury to infer that the appellant intended his acts and the natural and probable consequence of those acts.  Petitioner raised this issue as an issue of ineffective assistance of counsel based upon the attorney's failure to object when the instruction was given.

(ECF No. 2 at 5, 7).

The petitioner's Motion to Hold 2254 Petition in Abeyance (ECF No. 3) requests that the court stay this matter, and hold his section 2254 petition in abeyance, pending exhaustion of the grounds for relief raised in his second state court habeas corpus petition.  The motion states that the second state petition alleges "that his habeas appellate counsel was ineffective for failing to include certain issues which had been litigated in his prior habeas corpus."  (*Id.* at 1).  The motion further indicates that the petitioner raised approximately 12 issues in his first circuit court habeas petition, of which his habeas counsel only pursued the two grounds listed above on appeal.  The

petitioner's motion does not identify the additional grounds for relief that were asserted in his first circuit court habeas petition.

On October 30, 2014, the undersigned directed the respondent to file a response to the section 2254 petition, addressing only the issues of timeliness and exhaustion of state court remedies, and including a specific response to the petitioner's Motion to Hold 2254 Petition in Abeyance.  (ECF No. 10).

On November 13, 2014, the respondent filed a Response, taking the position that the section 2254 petition was timely filed and that the petitioner appears to have colorably exhausted his state court remedies concerning the two claims raised in the present petition.  (ECF No. 11 at 1-2).  The Response also states that the respondent does not oppose the petitioner's request for a stay and abeyance of his federal petition pending the resolution of his second state habeas corpus petition.  (*Id.* at 2).

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed.  *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse

ruling in the SCAWV.  *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

The petitioner's section 2254 petition contains two claims.  The petitioner unsuccessfully raised these claims in his direct appeal and in his first round of state habeas corpus proceedings.  Accordingly, those claims are exhausted.  However, the petitioner has a second habeas corpus petition pending in the Circuit Court of Kanawha County.  According to the petitioner's Motion to Hold 2254 Petition in Abeyance (ECF No. 3) and the respondent's Response (ECF No. 11), the second state habeas corpus petition raises claims based upon the ineffective assistance of habeas counsel; but neither party has specifically enumerated those claims.

As noted in 28 U.S.C. §§ 2244(b)(2) and (3), a petitioner may only file one section 2254 petition concerning a particular conviction and sentence, and any claims raised in a second or successive petition, absent one of the enumerated exceptions, and authorization by the appellate court to file a second or successive petition, must be dismissed.  28 U.S.C. §§ 2244(b)(2) and (3).  Therefore, to the extent that the petitioner may wish to assert, before this court, the claims raised in his second state habeas corpus

proceedings, he must do so in one timely section 2254 petition, after his state court remedies concerning those claims are fully exhausted.

The United State Supreme Court most recently addressed the issue of staying section 2254 proceedings in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court granted certiorari to resolve a circuit split, and held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court, but only in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The respondent's Response contains a brief analysis of the timeliness of the petitioner's section 2254 petition. According to the Respondent's calculations, the petitioner's section 2254 petition was timely filed, but with only 23 days remaining under the one-year statute of limitations. The respondent's Response further indicates that he does not oppose a stay and abeyance to enable the petitioner to amend his section 2254 petition, after exhausting his state court remedies concerning the claims raised in his second state habeas petition, which is currently pending in the Circuit Court of Kanawha County. The petitioner contends that the filing of the second state court petition was necessary because his habeas counsel failed to raise additional claims in his state habeas appeal, and, consequently, such additional claims, which he seeks to raise herein, are presently unexhausted.[1]

---

[1]   The undersigned has been unable to ascertain the specific grounds asserted in the petitioner's second state habeas corpus petition, as the file is presently located in the chambers of the assigned Circuit Judge, the Honorable Carrie L. Webster. As the Motion to Hold Section 2254 Petition in Abeyance is unopposed, at present, the undersigned has not ordered the production of the second state petition by either of the parties.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 544 U.S. at 277, that there is good cause for the petitioner's failure to exhaust all of his claims for habeas corpus relief in the state courts, and that the circumstances warrant a stay of these proceedings.[2]  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the petitioner's unopposed Motion to Hold 2254 Petition in Abeyance (ECF No. 3) and **HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending the petitioner's exhaustion of the available state court remedies concerning the petitioner's second state habeas corpus petition.

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court.  It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 30 days of the resolution of his state habeas appeal, of whether he intends to proceed with this matter, and to file an amended section 2254 petition within that time period, if he seeks to include any other exhausted grounds for relief.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation

---

[2]  As the undersigned is not aware of the specific claims raised in the petitioner's second state habeas corpus petition, this finding is not a ruling on whether any additional claims raised by the petitioner would be cognizable in federal habeas corpus.

8

within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.


_____January 27, 2015_____
                Date

Dwane L. Tinsley
United States Magistrate Judge