**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOSHUA LEE SLATER,

               Petitioner,

v.                                CIVIL ACTION NO.   2:14-cv-12075

DENNIS DINGUS,
Warden, Stevens Correctional Center,

               Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to Hold 2254 Petition in Abeyance.   (ECF 3.)   By Standing Order entered on February 7, 2014, and filed in this case on March 31, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition ("PF&R").   (ECF 5.)   Magistrate Judge Tinsley filed a PF&R on January 27, 2015, recommending that this Court grant Petitioner's unopposed Motion to Hold 2254 Petition in Abeyance, (ECF 3), and transfer this matter to the inactive docket.   (ECF 12.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not

conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the January 27, 2015 PF&R were due by February 13, 2015. To date, no objections were filed.

Accordingly, the Court **ADOPTS** the January 27, 2015 PF&R, (ECF 12), **GRANTS** Petitioner's Motion to Hold 2254 Petition in Abeyance, (ECF 3), **HOLDS IN ABEYANCE** Petitioner's Section 2254 petition, **ORDERS** that this case is **STAYED** until further order of the Court, and **ORDERS** the Clerk to transfer this matter to the inactive docket. The Court further **ORDERS** Petitioner to notify the Court and Respondent within 30 days of the resolution of his state habeas appeal of whether he intends to proceed with this matter, and to file an amended Section 2254 petition within that time period if he seeks to include any other exhausted grounds for relief.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 5, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE