# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JOSHUA LEE SLATER,

        Petitioner,

v.                                           CIVIL ACTION NO. 2:14-cv-12075

MICHAEL MARTIN,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Respondent Michael Martin's Motion for Summary Judgment, (ECF No. 27), on Petitioner Joshua Lee Slater's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 20). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) On January 23, 2020, Magistrate Judge Tinsley filed a PF&R, (ECF No. 34), recommending that this Court grant Defendants' Motion for Summary Judgment, dismiss Petitioner's Amended Petition for Writ of Habeas Corpus, and dismiss this matter from the Court's docket. Plaintiff filed an objection to the PF&R on February 12, 2020. (ECF No. 35.)

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's objection, (ECF No. 35), **ADOPTS** the PF&R, (ECF No. 34), **DENIES** Petitioner's Amended Petition for a Writ of Habeas Corpus, (ECF No. 20), and **DISMISSES** this action from the docket of the Court.

1

## I. BACKGROUND

On July 26, 2006, Petitioner was convicted upon a jury verdict in the Circuit Court of Kanawha County, West Virginia, for one count of kidnapping, one count of domestic battery, one count of wanton endangerment, and one count of daytime breaking and entering. (ECF No. 27–5 at 3.) Thereafter, the trial court sentenced Petitioner to life in prison, with mercy, for the kidnapping count; one year for the domestic battery count; five years for the wanton endangerment count; and not less than one year, nor more than fifteen years for the daytime breaking and entering count. (ECF No. 27–20 at 5.) Each sentence was to be served consecutively. (*Id.*)

The complete factual and procedural history of Petitioner's direct appeal and habeas proceedings in state court, as well as a review of Petitioner's claims in his federal habeas petition are set forth in detail in the PF&R and need not be repeated here. The Court will provide a discussion of any relevant facts from Petitioner's original criminal case as necessary throughout this opinion to resolve Petitioner's objections. This § 2254 Petition claims the following grounds for relief:

1. Petitioner challenges the constitutionality of West Virginia's kidnapping statute as applied to his case.

2. Petitioner asserts the trial court provided a burden shifting instruction which advised the jurors it would be reasonable to infer intent by the petitioner's acts.

3. Prior to trial, Petitioner's counsel came into possession of a taped phone message in which the alleged victim indicated she wanted to talk to the petitioner (shortly before the alleged incident) and leaves a phone number for him to call; however, counsel failed to present this evidence at trial.

4. Petitioner asserts a claim for ineffective assistance of trial counsel for failure to pursue evidence that police had tampered with evidence during the investigation of the alleged incident.

5. Petitioner asserts a claim for ineffective assistance of trial counsel for failure to elicit testimony that Judge Carol Fouty threatened to have the alleged victim placed in custody if she attempted to drop the charges against the petitioner before the State could prosecute him.

6. Petitioner asserts a claim for ineffective assistance of trial counsel for failure to properly investigate the circumstances of the alleged incident.

7. Petitioner asserts a claim for ineffective assistance of trial counsel for losing important evidence that was favorable to the petitioner and not presented to the jury.

(ECF No. 20 at 5–20.) The PF&R thoroughly analyzes each of Respondent's arguments contained within his motion for summary judgment and recommends this Court grant Respondent's Motion for Summary Judgment, (ECF No. 27); deny Petitioner's Amended Petition for Writ of Habeas Corpus, (ECF No. 20); and dismiss this matter from the Court's docket.

## II. STANDARD OF REVIEW

*A. Review of Magistrate Judge's Findings and Recommendations*

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider

3

the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

        B. *Habeas Corpus Standard of Review*

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000).

Section 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a deferential standard of review to be applied to any claim that was "adjudicated on the merits" in state court proceedings. In such a case, a federal court may grant habeas relief only if the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law. "A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing

4

legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* The latter inquiry focuses on whether the state court's application of clearly established federal law was "unreasonable," as distinguished from whether it was "correct." *See Renico v. Lett*, 559 U.S. 766, 773 (2010); *Bell*, 535 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

Section 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts. "[A] determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (recognizing that § 2254(d) applies even if the state court issued a summary decision unaccompanied by an explanation). The state court determination will be upheld so long as "fairminded jurists could disagree" on its correctness. *Yarbrough v. Alvarado*, 541 U.S. 652, 664 (2004).

C. *Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings. *Blackledge v. Allison*, 431 U.S. 63, 81 (1977). This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might

5

affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson*, 477 U.S. at 249, nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the Court must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

## III. DISCUSSION

Petitioner asserts one objection in opposition to the magistrate judge's findings and recommendation. (ECF No. 35.) Petitioner had raised two challenges to the constitutionality of West Virginia's kidnapping statute as applied to his case. However, Petitioner objects only to the Magistrate Judge's recommendation that Petitioner's sentence did not violate the principles established in the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner directs the Court to see an attached dissent from the Supreme Court of Appeals of West Virginia's ("WVSCA") decision in *State v. Slater*, 665 S.E.2d 674 (W. Va. 2008). In dissent, Justice Starcher argues the majority has failed to comply with the United States Supreme Court's rulings in *Apprendi*, 530 U.S. 466 and *Blakely v. Washington*, 542 U.S. 296 (2004) because the West Virginia kidnapping statute permits a trial judge to make fact findings related to sentencing. *Slater*, 665 S.E.2d at 685–86. Justice Starcher argues the majority in *Slater* has perpetuated the same error it made in *State v. Haught*, 624 S.E.2d 899 (W. Va. 2005) because it has again failed to clarify that the jury, not the judge, must find the facts necessary for determining the sentence. *Slater*, 665 S.E.2d at 686. Without this clarification, the dissent argues "sentences based on trial judge findings of fact and the underlying convictions face the possibility of reversal by a federal court." *Id.* (citing *Haught*, 624 S.E.2d at 904).

Justice Starcher further argues that the trial court in Petitioner's case made a finding of fact and then used that fact to sentence Petitioner to life with mercy. *Id.* The dissent concludes by arguing that the majority was incorrect in dismissing this potential error because *Blakely* dictates that the jury, not the judge, must make all factual findings used to determine sentencing. *Id.* The

dissent, thus, argues this factual finding was a direct violation of the United States Constitution as argued in *Apprendi* and *Blakely*. *Id.*

In *Apprendi*, the United State Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Subsequently, in *Blakely*, the Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. Thus, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303–04.

In the present case, Petitioner relies on *Apprendi* and *Blakely* to argue the trial judge made "findings of fact which ultimately amounted to a greater sentence for the Petitioner and that these factual findings should have been made by the jury beyond a reasonable doubt prior to sentencing." (ECF No. 20 at 5.) Respondent contends that Petitioner's reliance on *Apprendi* and *Blakely* is misplaced because the WVSCA previously addressed this issue in *Haught*. In *Haught*, the WVSCA held "[o]ur kidnapping statute, W.Va. Code § 61-2-14a (1999) does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional right to a trial by jury as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004)." Syl. Pt. 2, *Haught*, 254 S.E.2d 899. Respondent further contends that the statutory maximum penalty under W. Va. Code § 61-2-14a at the time of Petitioner's kidnapping conviction was life imprisonment,

without mercy. However, the statute provides the jury discretion to recommend mercy in their verdict. *See* W. Va. Code § 61-2-14a(b)(1).

Here, the jury returned a recommendation of mercy in their verdict, and the trial court sentenced Petitioner to life with mercy, as recommended by the jury. While the trial judge did make a finding of fact to conclude that Petitioner should not be sentenced under Section (a)(4) of the kidnaping statute, this finding did not amount to a greater sentence for Petitioner than was recommended by the jury. *See Slater*, 665 S.E.2d at 681 ("The trial court found, however, that a concession was paid or yielded in that the appellant "was able to gain control over [the victim] and kept her from leaving[.]." Thus, the court found that subsection (4) of the statute did not apply, and sentenced the appellant to life with mercy as recommended by the jury."). Further, in its opinion affirming the denial of Petitioner's first habeas matter, the WVSCA held that "Slater received no greater sentenced than the statutory maximum." *Slater v. Ballard*, No.12-0330, 2013 WL 5418574, at *10 (W. Va. Sept. 27, 2013). Thus, Petitioner has failed to show that the trial judge made findings of fact that increased the penalty beyond the statutory maximum in violation of *Apprendi* and *Blakely*. Therefore, the Court **OVERRULES** Petitioner's objection.

### IV. CONCLUSION

Accordingly, the Court **OVERRULES** Petitioner's objection, (ECF No. 35); **ADOPTS** the PF&R, (ECF No. 34); **GRANTS** Respondent's Motion for Summary Judgment, (ECF No. 27); **DENIES** Petitioner's Amended Petition for a Writ of Habeas Corpus, (ECF No. 20); and **DISMISSES** this action from the docket of the Court. The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a

constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2254 Petition and objections to the PF&R, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE